IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

WILLY ROCILI,                          )
                                       )
                Plaintiff,             )
                                       )
v.                                     )
                                       )
ENVIRONMENTAL TECHNOLOGIES,            )
INC.,                                  )
                                       )
                Defendant.             )
_____)          **CASE NO.    3:06-cv-7**

### PLAINTIFF WILLY ROCILI'S MOTION TO REMAND TO STATE COURT

**I.    Motion presented**.

Because Environmental Technologies, Inc. has noticed removal of this action far beyond the mandatory time parameters set forth in 28 U.S.C. § 1446 (b) and because the thirty (30) day removal deadline is mandatory and may not be waived by the parties or the court, this matter should be remanded to the state court system.  Mr. Rocili so moves.

**II.    Discussion.**

**A.    28 U.S. C. § 1446 demands that a petition for removal be filed within thirty (30) days of service upon defendant.**

And so it does:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, <u>through service or otherwise</u>, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . .. (Emphasis added.)[1]

---

[1]28 U.S.C. § 1446 (b).

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

*Rocili v. Environmental Technologies, Inc.*
**PLAINTIFF WILLY ROCILI'S MOTION TO REMAND TO STATE COURT**
**Case No. 3:06-cv-7**

1

Defendant ETI readily concedes that it was served August 5, 2005.  ETI was given actual notice of this claim and the facts underlying a claim for diversity jurisdiction on August 5, 2005.  Removal pleadings that should have been filed by early September 2005 have just been received.  Under any reasonable interpretation, ETI is way too late to claim access to the federal courts.[2]  Its *Notice of Removal* is thus months overdue.

**B.    There has been no agreement to extend the time within which ETI may remove.**

See paragraphs nine (9) and ten (10) of ETI's *Notice of Removal* and the undersigned's letter (Exhibit B to the *Notice of Removal*) incorporated by reference.  While the August 1, 2005, letter to ETI and its registered agent waives an Answer within the normal twenty (20) day period, it nowhere waives or purports to waive any rights under 28 U.S.C. §1446.  Removal is mentioned nowhere in the letter.

**C.    The thirty (30) day removal deadline set for in 28 U.S.C. § 1446 (b) is mandatory and may not be waived by agreement of the parties or order of the court**.

The caption states the rule in the 9th Circuit and elsewhere:

> "The right of removal being in derogation of state sovereignty, should not be enlarged beyond what is definite and free from ambiguity, [citation omitted].  Strict construction, common usage, and avoidance of abuse of the removal statute all support the district court's interpretation of 'before trial' as meaning 'before proceedings for empanelling the jury.'  Petitioner's removal petition was therefore

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

[2]Please see "Defendant's Notice of Removal" at paragraphs one (1) through eight (8) to confirm the background facts and that, "On August 5, 2005, Defendant's registered agent was served with the Summons and Complaint."  See Exhibit A to the *Notice of Removal*.  This is Plaintiff's Complaint.  See paragraphs one (1) and three (3) thereof wherein the diverse citizenship of Mr. Rocili and Environmental Technologies, Inc. is expressly alleged.

*Rocili v. Environmental Technologies, Inc.*
**PLAINTIFF WILLY ROCILI'S MOTION TO REMAND TO STATE COURT**
**Case No. 3:06-cv-7**

2

untimely." [3]

A frequently cited case states:

> The right of removal and the procedure for removal are entirely statutory. 28 U.S.C. § 1441 et. seq. Moreover, the removal statutes must be strictly construed and a federal court may encroach upon a state court's right to determine cases properly brought before the state court only with the express authority given by Congress. Hoyt v. Sears, Roebuck & Co., 130 F.2d 636 (9th Cir. 1942). [Other citations omitted.]
>
> * * *
>
> Thus, under the prevailing view, neither a stipulation of the parties nor an order of the state court may extend the time to file a removal petition. Sunbeam Corp. [v. Brazin, 138 F.Supp. 723 (E.D. Ky. 1956); Burns v. Standard Life Insurance Co. of Indiana, 135 F.Supp. 904 (D. Del. 1956). In addition, the federal district court does not have authority to extend this time period pursuant to Rule 6(b), Federal Rules of Civil Procedure. Lusk v. Lyon Metal Products, 9 F.R.D. 250 (W.D. Mo. 1949); Hamilton v. Hayes Freight Lines, 102 F. Supp. 594, 597 (E.D. Ky. 1952). Nor does Rule 6(e) enlarge the time for removal. Youngson v. Lusk, 96 F.Supp. 285, 289 (D. Neb. 1951).[4]

The Perrin court went on to quote with approval the following language:

> "The strict constructional standards [of the removal statute] considered in tandem with the policy of resolving

---

[3]United States Ex Rel. Walker v. Gunn, 511 F.2d 1024, 1027 (9th Cir. 1975) quoting with approval Biscup v. People, 129 F. Supp. 765 (W.D.N.Y. 1955). This case interprets the identical time limitation contained in 28 U.S.C. § 1446 (c) with regard to criminal matters.

[4]Perrin v. Walker, 385 F. Supp. 945, 948 (E. D. Illinois 1947).

*Rocili v. Environmental Technologies, Inc.*
**PLAINTIFF WILLY ROCILI'S MOTION TO REMAND TO STATE COURT**
*Case No. 3:06-cv-7*

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

doubt in favor of state court jurisdiction and the absence of any waiver on the part of the plaintiff convinces this court that plaintiff's motion to remand is well taken and ought to be granted." (341 F. Supp. at 764).[5]

As Defendant's *Notice of Removal* frankly concedes at paragraph 8, when read in conjunction with paragraphs 1 and 3 of the Complaint (Exhibit A to the *Notice of Removal*), Defendant received official notice of this Complaint expressly setting forth facts from which diverse jurisdiction could be readily ascertained on August 5, 2005. Having failed to file its *Notice of Removal* within thirty (30) days of August 5, 2005, Defendant's opportunity to enjoy federal court jurisdiction has come and gone with the passage of time.

**III.    Conclusion.**

For the reasons set forth above, we ask that the Court immediately remand this matter to the state court before which it was originally pending.

DATED this 18th day of January, 2006.

s/Michael J. Schneider
Law Offices of Michael J. Schneider, P.C.
880 "N" Street, Suite 202
Anchorage, AK 99501
Phone: (907) 277-9306
Fax: (907) 274-8201
E-mail: mjspc@gci.net
Alaska Bar No. 7510088

**Certificate of Service**
I hereby certify that on January 18, 2006,
a copy of foregoing *PLAINTIFF WILLY ROCILI'S
MOTION TO REMAND TO STATE COURT* was served
electronically on Francis S. Floyd, Floyd & Pfleuger,
and on Douglas G. Johnson, Law Offices of Douglas Johnson, P.C.,
821 N Street, Suite 208, Anchorage, AK, 99501 by U.S. mail.

s/Michael J. Schneider

---

[5]Id.

*Rocili v. Environmental Technologies, Inc.*
*PLAINTIFF WILLY ROCILI'S MOTION TO REMAND TO STATE COURT*
*Case No. 3:06-cv-7*

4

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

*Rocili v. Environmental Technologies, Inc.*
**PLAINTIFF WILLY ROCILI'S MOTION TO REMAND TO STATE COURT**
*Case No. 3:06-cv-7*

5