IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
ANCHORAGE DIVISION

| | |
|---|---|
| WILLY ROCILI, ) | |
| ) | |
| Plaintiff, ) | NO. 3:06-cv-7 |
| ) | |
| v. ) | |
| ) | NOTICE OF FILING |
| ENVIRONMENTAL TECHNOLOGIES, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pursuant to the January 11, 2006 Order to Petition Subsequent to Removal, the following pleadings filed in the Case No. 3DI-05-96CI, Alaska Superior Court, Third Judicial District at Dillingham, are filed herewith:

1. Complaint, filed July 27, 2005;

2. Notice of Appearance of Defendant Environmental Technologies, Inc., filed September 6, 2005;

3. Ex Parte Notice to Court Regarding Initial Disclosures and Other Pretrial Deadlines; filed October 5, 2005; and

4. Scheduling Order; filed December 15, 2005.

NOTICE OF FILING - 1 -

FLOYD & PFLUEGER P.S.
300 TRIANON BUILDING. 2505 THIRD AVENUE
SEATTLE, WA 98121-1445
TEL 206 441-4455
FAX 206 441-8484

DATED this 17th day of January, 2006.

        FLOYD & PFLUEGER, P.S.

By   s/ Francis. S. Floyd
Francis S. Floyd, ASBA #7810069
Attorneys for Defendants
2505 Third Avenue, Suite 300
Seattle, WA 98121-1445
(206) 441-4455
ffloyd@floyd-pflueger.com

### Certificate of Service

I hereby certify that on January 18, 2006, a copy of foregoing Service List was served via email on:

    Michael J. Schneider, P.C.
    880 "N" Street, Suite 202
    Anchorage, AK 99501
    (907) 274-8201 (facsimile)

and via first-class mail on:

    Douglas G. Johnson
    Law Offices of Douglas Johnson, P.C.
    821 "N" Street, Suite 208
    Anchorage, AK 99501
    (907) 277-0164 (facsimile)

        s/Erin M. Campbell
        Legal Assistant to Francis S. Floyd

*NOTICE OF FILING* - 2 -

**EXHIBIT 1**

SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT DILLINGHAM

WILLY ROCILI,

    Plaintiff,

v.

ENVIRONMENTAL TECHNOLOGIES, INC.,

    Defendant.

Filed in the Trial Courts
STATE OF ALASKA, THIRD DISTRICT

JUL 2 7 2005

Clerk of the Trial Courts
By _____ Deputy

CASE NO. 3DI-05-96 CI

## COMPLAINT

COMES NOW Plaintiff, Willy Rocili, by and through his attorneys of record, the Law Offices of Michael J. Schneider, P.C. and the Law Offices of Douglas G. Johnson, P.C., and hereby complains and alleges against Defendant, Environmental Technologies, Inc. (hereinafter "ETI"), as follows:

1. Willy Rocili was, at the time of the injury described herein, a resident of the state of Alaska, with a mailing address as follows: P.O. Box 16, King Cove, Alaska, 99612. He is currently a resident of Nevada, living at 5183 Woodruff Place, Las Vegas, Nevada, 89120.

2. The incident complained of herein took place in the State of Alaska, Third Judicial District, on the premises of the Peter Pan Seafood Processing Plant in King Cove, Alaska, where Mr. Rocili was employed by Peter Pan Seafoods at the time, date, and place of his injury.

3. At all times herein relevant, ETI was a Washington corporation doing business at 219 Frontage Road North – Suite "A", Pacific, Washington, 98047. ETI's registered agent for service of process is: Robert B. Gould, 2110 N. Pacific Street, Suite 100, Seattle, Washington, 98103.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 102
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-9201

*Rocili v. Environmental Technologies, Inc.*
Complaint

1

4. ETI manufactured, and/or assembled, and/or placed into the stream of commerce the TRANSVAC fish pump that is the subject of this litigation, and/or is the successor in interest to individuals or entities who placed same in the stream of commerce and is thus liable for the acts and omissions complained of hereinafter.

5. On or about August 4, 2003, Mr. Rocili, while performing his duties for his employer, Peter Pan Seafoods, on the premises of Peter Pan's processing plant in King Cove, Alaska, received serious and permanent bodily injuries when pressure was unexpectedly released from a TRANSVAC Model 4715 Fish Pump bearing serial number V1957.

## COUNT I
### (Strict Product Liability)

6. The TRANSVAC Fish Pump was defective and the defect was a legal cause of Mr. Rocili's injuries on the date and place set forth in paragraph five (5).

7. The product was defective, without limitations, in some or all of the following ways:

   a. It differed from ETI/TRANSVAC's intended result and/or it differed from other units of the same product manufactured, assembled, and/or put into commerce by ETI/TRANSVAC; and

   b. It failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, as the subject fish pump was used by Mr. Rocili when he was injured; and

   c. The product was not designed in accordance with accepted and mandatory design standards and lacked gauges and pressure relief valves located in a place and manner that would have allowed Plaintiff to protect himself from the injury that he suffered.

   d. The subject fish pump was used in a reasonably foreseeable manner by Mr.

*Rocili v. Environmental Technologies, Inc.*
*Complaint*

2

Rocili but that use involved a substantial danger that would not be readily recognized by the ordinary user of the fish pump, and ETI/TRANSVAC failed to give adequate warnings of this danger. The warning would be required to clearly indicate the scope of the risk or danger posed by the product, reasonably communicate the extent and seriousness of the harm that could result from the risk or danger, and convey it in a manner that would alert a reasonably prudent person.

## COUNT II
### (Negligence)

8. All prior paragraphs are realleged as if set forth in full.

9. ETI/TRANSVAC was negligent, and its negligence was a legal cause of Mr. Rocili's injury and damages prayed for herein.

10. ETI/TRANSVAC's negligence included, without limitation, the following:

   a. Negligent design of the fish pump in question;

   b. Negligent selection, supervision, and/or retention of component part manufacturers.

   c. Negligent assembly, inspection, and/or testing.

   d. Negligent selection, supervision, and/or retention of those responsible for assembly, inspection, and/or testing.

   e. Negligent assessment of anticipated operating pressures in the subject unit in its specific application.

   f. Negligent failure to position gauges where foreseeable operators/users could use information provided by the gauges to protect themselves from an unexpected release of pressure.

   g. Negligent failure to equip the device with a pressure release valve on or adjacent to the hatch that dislodged and injured Mr. Rocili.

*Rocili v. Environmental Technologies, Inc.*
*Complaint*

3

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 208
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-4201

    h.    Negligent failure to anticipate risks associated with foreseeable uses of this device in its specific application.

11.    ETI/TRANSVAC's acts and omissions complained of above were done intentionally, or in reckless disregard of the rights of Plaintiff.

### DAMAGE ALLEGATIONS COMMON TO BOTH COUNTS

12.    All prior paragraphs are realleged as if set forth in full.

13.    Mr. Rocili suffered past and future losses as follows:
    a.    Pain, suffering, and emotional distress.
    b.    Loss of enjoyment of life.
    c.    Disfigurement.
    d.    Medical expenses.
    e.    Earnings and earning capacity.

These losses will be proved with specificity at trial but are greater than $100,000.00.

14.    In the event that the finder of fact determines that ETI/TRANSVAC acted intentionally, or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages in an amount to be proved at trial.

### GENERAL ALLEGATIONS COMMON TO BOTH COUNTS

15.    All prior paragraphs are realleged as if set forth in full.

16.    Plaintiff suffered "severe permanent physical impairment or severe disfigurement" within the provisions of AS 09.17.010(c) as a legal consequence of Defendant's complained of conduct.

17.    No individual or entity not now identified in the caption hereof should be allocated a percentage of fault under AS 09.17.080, or otherwise.

18.    Plaintiff is fault free in causing the event in question or any of the damages

*Rocili v. Environmental Technologies, Inc.*
*Complaint*

4

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-9201

complained of herein.

19. Plaintiff has, to the extent required by law, mitigated his damages.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For general damages according to proof at trial, but in excess of $100,000.00.

b. For special damages according to proof at trial, but in excess of $100,000.00.

c. For punitive damages according to proof at trial in the event that the finder of fact concludes that ETI/TRANSVAC's acts and omissions were intentional or in reckless disregard of the rights of Plaintiff.

d. For costs of suit and attorneys fees.

e. For such other and further relief as the Court deems appropriate under the circumstances.

DATED this 22 day of July, 2005.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.

Michael J. Schneider
Attorney for Plaintiff
Alaska Bar No.: 7510088

DATED this 22 day of July, 2005.

LAW OFFICES
DOUGLAS G. JOHNSON, P.C.

for
Douglas G. Johnson
Attorney for Plaintiff
Alaska Bar No.: 9511061

*Rocili v. Environmental Technologies, Inc.*
Complaint

5

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

**EXHIBIT 2**

SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT DILLINGHAM

| | |
|---|---|
| WILLY ROCILI, | ) |
| Plaintiff, | ) |
| | ) CASE NO. 3DI-05-96CI |
| v. | ) |
| ENVIRONMENTAL TECHNOLOGIES, INC., | ) |
| Defendant. | ) |

NOTICE OF APPEARANCE

COMES NOW Defendant Environmental Technologies, Inc., and enters herewith its appearance by the attorneys undersigned, and directs that all future pleadings or papers in the above-entitled cause, exclusive of original process, be served upon said Defendant by leaving a copy with attorneys undersigned.

DATED this 30th day of August, 2005.

FLOYD & PFLUEGER, P.S.

By _____
Francis S. Floyd, ASBA #7810069
Attorneys for Defendants

*Rocili v. Environmental Technologies, Inc.*
*Notice of Appearance - 1 -*

FLOYD & PFLUEGER P.S.
300 TRIANON BUILDING, 2505 THIRD AVENUE
SEATTLE, WA 98121-1445
TEL 206 441-4455
FAX 206 441-8484

Filed in the Trial Courts
STATE OF ALASKA, THIRD DISTRICT

SEP 6 2005

Clerk of the Trial Courts
By _____ Deputy

SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT DILLINGHAM

| | |
|---|---|
| WILLY ROCILI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 3DI-05-96CI |
| v. ) | |
| ) | |
| ENVIRONMENTAL TECHNOLOGIES, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

DECLARATION OF MAILING

I, Erin M. Campbell, declare under penalty of perjury that on the 31st day of August, 2005, I sent via First Class Mail, postage prepaid, a copy of Defendant's Notice of Appearance to the following:

Superior Court of Alaska, Dillingham
Box 909
Dillingham, AK  99501-2004

Michael J. Schneider, P.C.
880 "N" Street, Suite 202
Anchorage, AK  99501

_Erin Campbell_
Erin M. Campbell

*Rocili v. Environmental Technologies, Inc.*
- 1 -

FLOYD & PFLUEGER P.S.
300 TRIANON BUILDING, 2505 THIRD AVENUE
SEATTLE, WA 98121-1445
TEL 206 441-4455
FAX 206 441-8484

**EXHIBIT 3**

SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT DILLINGHAM

| | |
|---|---|
| WILLY ROCILI,<br><br>        Plaintiff,<br><br>v.<br><br>ENVIRONMENTAL TECHNOLOGIES, INC.,<br><br>        Defendant. | CASE NO.   3DI-05-96 CI |

### EX PARTE NOTICE TO COURT REGARDING INITIAL DISCLOSURES AND OTHER PRETRIAL DEADLINES

Mr. Rocili's injury occurred on August 3, 2003. This lawsuit was therefore filed to preserve the statute of limitations on or about July 27, 2005. Defendant has been served. However, Plaintiff, through his attorneys, have discouraged the defense from retaining counsel or answering the Complaint and have offered to provide written notice before demanding same because they are in the process of completing their investigation of this case.

Based on the above, it would therefore be inappropriate to file Initial Disclosures or to schedule a trial date.

Unless directed otherwise, Plaintiff will advise the Court by December 1, 2005, of his intentions and will disregard deadlines until Defendant has entered an Answer herein.

DATED this 5 day of October, 2005.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.

Michael J. Schneider
Attorney for Plaintiff
Alaska Bar No. 7510088

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

*Rocili v. Environmental Technologies, Inc.*
**Affidavit of Service**
*Case No. 3DI-05-96 CI*

1

**Certificate of Service**
This is to certify that *EX PARTE NOTICE TO COURT REGARDING INITIAL DISCLOSURES AND OTHER PRETRIAL DEADLINES* was served via U.S. Mail/Hand Delivery on the 5 day of October, 2005, on:

Douglas G. Johnson
Law Offices of Douglas Johnson, P.C.
821 N Street, Suite 208
Anchorage, AK   99501

Francis S. Floyd
Floyd & Pfleuger, P.S.
300 Trianon Building
2505 Third Avenue
Seattle, WA   98121-1445

By: _____
Carol L. McNeese
Secretary to Michael J. Schneider

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

*Rocili v. Environmental Technologies, Inc.*
**Affidavit of Service**
Case No. 3DI-05-96 CI

2

**EXHIBIT 4**

CALENDARED   DKW

RECEIVED
DEC 20 2005
FLOYD & PFLUEGER, P.S.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT DILLINGHAM

WILLY ROCILI, )
)
        Plaintiff, )
)
vs. )
)
ENVIRONMENTAL TECHNOLOGIES )
INC., )
)
        Defendant. )
)

Case No: 3DI-05-96 CI

**Scheduling Order**

**It is ordered** that the parties comply with Civil Rule 26 (a) and (f), and notify the court by January 25, 2006, regarding the availability of counsel for a telephonic trial-setting conference during the week of March 6, 2006.

Dated: 12/15/05

Fred Torrisi
Judge

I certify that on 12/15/05 a copy of this document was sent to: Schneider
\_\_\_\_:clerk   Floyd