IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
ANCHORAGE DIVISION

| | |
|---|---|
| WILLY ROCILI, ) | |
| ) | |
| Plaintiff, ) | NO. 3:06-cv-7 |
| ) | |
| v. ) | **DEFENDANT'S OPPOSITION** |
| ) | **TO MOTION TO REMAND TO** |
| ENVIRONMENTAL TECHNOLOGIES, ) | **STATE COURT** |
| INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

COMES NOW Defendant Environmental Technologies, Inc. ("ETI"), and hereby opposes Plaintiff's Motion to Remand to State Court.

## I.  STATEMENT OF RELEVANT PROCEDURAL FACTS

On July 27, 2005, Plaintiff commenced the above-titled action against Defendant ETI in the Third Judicial District for the Superior Court for the State of Alaska at Dillingham under Case No. 3DI-05-96 CI ("the Dillingham Complaint"). Declaration of Francis S. Floyd ("Floyd Dec."), ¶ 2. Plaintiff filed a parallel action in the Alaska Superior Court at Anchorage under Cause No. 3AN-05-9931 CI. That Complaint was subsequently dismissed. Floyd Dec., ¶ 3.

At the time of filing, Plaintiff was a resident of the Nevada, living at 5183 Woodruff Place, Las Vegas, Nevada, 89120. *See Dillingham Complaint,* attached to Floyd Dec. as Ex. A. Defendant ETI is a Washington corporation with its principal place of business in Washington. Floyd Dec., ¶ 5. Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant, and this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1).

*DEFENDANT'S OPPOSITION TO*
*MOTION TO REMAND TO STATE COURT*   - 1 -

FLOYD & PFLUEGER P.S.
300 TRIANON BUILDING, 2505 THIRD AVENUE
SEATTLE, WA 98121-1445
TEL 206 441-4455
FAX 206 441-8484

Plaintiff Rocili seeks damages against ETI arising out of injuries suffered by him on August 4, 2003, while he was employed by and working at Peter Pan Seafoods' processing plant in King Cove, Alaska. *See Dillingham Complaint*. Rocili was working on a fish pump manufactured by ETI at the time he was injured, and has asserted claims against ETI for strict product liability and negligence. *Id.* In the Complaint, Plaintiff prays for judgment against Defendant for general damages in excess of $100,000, special damages in excess of $100,000, and punitive damages, if appropriate. *Id.*

On August 5, 2005, Defendant's registered agent was served with the Summons and Complaint. Floyd Dec., ¶ 6. The Dillingham Summons and Complaint were served along with a letter from Plaintiff's attorney, Michael J. Schneider, dated August 1, 2005, titled **WAIVER OF DEADLINE TO ANSWER COMPLAINT,** which provided, in relevant part, as follows:

> I have only recently become involved in this matter and I have not yet completed my investigation into the case. Mr. Douglas Johnson and I represent Mr. Rocili. It was necessary for us to file this lawsuit because the statute of limitations would have run on the second anniversary of Mr. Rocili's injury, or August 3, 2005.
>
> We may or may not proceed with this matter pending current investigative efforts and receipt of the preliminary findings of our consulting expert. We, therefore ... **WAIVE RECEIPT OF AN ANSWER WITHIN THE TWENTY (20) DAY PERIOD DEMANDED BY THE SUMMONS.**
>
> * * *
>
> While ETI is free to immediately retain counsel, there is no urgency on our part to move the matter forward until our investigation is completed.

Mr. Schneider's August 1, 2005, letter is attached to Floyd Dec. as Ex. B (emphasis in original).

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND TO STATE COURT — 2 —

FLOYD & PFLUEGER P.S.
300 TRIANON BUILDING, 2505 THIRD AVENUE
SEATTLE, WA 98121-1445
TEL 206 441-4455
FAX 206 441-8484

ETI, and its counsel, relied on the representations in Mr. Schneider's letter, and took no affirmative action in defending this claim (other than filing Notices of Appearance) pending further notification from Mr. Schneider as to whether or not he determined, based on completion of his preliminary investigation, that he had a factual basis upon with to proceed. Floyd Dec., ¶ 8.

On December 9, 2005, ETI's registered agent received a letter from Plaintiff's attorney, titled **NOTICE OF OUR INTENT TO PROCEED**, which stated, in relevant part, as follows:

> We have completed our initial investigation in the matter referred to above. We have concluded that a cause of action lies against Environmental Technologies, Inc. as a result of Mr. Rocili's injury on August 3, 2003.

Mr. Schneider's December 5, 2005, letter is attached to Floyd Dec. as Ex. C.

Plaintiff's counsel mailed the "Notice to Proceed" letter to ETI's registered agent only, and did not send a copy to ETI's counsel of record. Floyd Dec., ¶ 10. ETI's counsel first received notice of Plaintiff's intent to proceed by facsimile on December 9, 2005. Floyd Dec., ¶ 11.

On January 9, 2006, the undersigned counsel filed Defendant's Notice of Removal with this Court. Plaintiff then filed the present Motion to Remand to State Court on January 18, 2006.

## II.   ISSUE PRESENTED

Whether Plainitff waived his right to object to removal on timeliness grounds when: Plaintiff filed his complaint prior to completing his preliminary investigation, and advised Defendant that he "may or may not proceed with this matter pending current investigative efforts" and Defendant reasonably relied on Plaintiff's representations, and

*DEFENDANT'S OPPOSITION TO*
*MOTION TO REMAND TO STATE COURT*      - 3 -

FLOYD & PFLUEGER P.S.
300 TRIANON BUILDING, 2505 THIRD AVENUE
SEATTLE, WA 98121-1445
TEL 206 441-4455
FAX 206 441-8484

filed the Notice of Removal within 30 days of receiving notice of Plaintiff's Intent to Proceed?

### III. EVIDENCE RELIED UPON

In support of its Opposition to Plaintiff's Motion to Remand to State Court, Defendant relies on: the pleadings on file in this case; the Declaration of Francis S. Floyd, and exhibits attached thereto; and the following legal argument and authority.

### IV. LEGAL ARGUMENT AND AUTHORITY

**A. The Court may Remand an Action to State Court based upon any Defect in the Removal Procedure.**

Under 28 U.S.C. § 1447(c), the Court may remand an action to state court based on any defect in the removal procedure, including an untimely filed notice of removal. *See* 28 U.S.C. § 1447(c); *In re The Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997); *Wilson v. General Motors*, 888 F.2d 779, 781 n.1 (11th Cir. 1989).

**B. As a General Rule, Notice of Removal must be Filed within Thirty (30) Days of Service of the Complaint.**

As a general rule, a Notice of Removal to Federal Court must be filed within thirty (30) days of service of the complaint, or within thirty (30) days after receipt by the defendant documentation from which it may first be ascertained that the case is one which is removable.

28 U.S.C. § 1446 (b) provides that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt, by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whatever period is shorter.

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND TO STATE COURT   - 4 -

FLOYD & PFLUEGER P.S.
300 TRIANON BUILDING. 2505 THIRD AVENUE
SEATTLE, WA 98121-1445
TEL 206 441-4455
FAX 206 441-8484

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

**C.  However, the Thirty Day Rule is Not Absolute, and Plainitff may Waive his Right to Object to Removal on Timeliness Grounds.**

As is often the case, there are exceptions to the general rule. Although litigants cannot stipulate to ignore section 1446(b), certain conduct on the part of plaintiffs has been held to preclude them from objecting to removal on timeliness grounds. Sometimes this conduct is referred to as "waiver," and sometimes as "estoppel." *Harris Corporation v. Kollsman, Inc.*, 97 F.Supp.2d 1148, 1151-52 (M.D. Fla. 2000), *citing to Transportation Indemnity Co. v. Financial Trust Co.*, 339 F.Supp. 405, 407 (C.D. Cal. 1972).

"To silence plaintiff's timeliness objection, defendant must show that it reasonably relied to its detriment on plaintiff's representations that it would not object to removal on timeliness grounds." *Harris,* 97 F.Supp. at 1152, *citing to Transportation Indemnity,* 339 F.Supp. at 409; *Nicola Products Corp. v. Showart Kitchens, Inc.*, 682 F.Supp. 171, 173 (E.D. N.Y. 1988). "Plaintiff's representations must take the form of affirmative conduct or unequivocal assent of a sort that would render it offensive to fundamental principles of fairness to remand." *Id., citing to Liebig v. DeJoy,* 814 F.Supp. 1074, 1076 (M.D. Fla. 1993); *Transportation Indemnity*, 339 F.Supp. at 408; *Maybruck v. Haim*, 290 F.Supp. 721, 722-23 (S.D. N.Y. 1968). (Emphasis added.)

The Court in *Transport Indemnity* conceives of the reasonableness of pre-removal behavior amounting to waiver of a timeliness objection. See Transport Indemnity at 408. This was fleshed out even further by the court in *Harris v. Kollsman*, which said "'[f]or

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND TO STATE COURT        - 5 -

FLOYD & PFLUEGER P.S.
300 TRIANON BUILDING. 2505 THIRD AVENUE
SEATTLE, WA 98121-1445
TEL 206 441-4455
FAX 206 441-8484

example, if just prior to the expiration of the thirty (30) day removal period, the parties reach a specific agreement that plaintiff will not object to removal, waiver may be found.' *See Nicola Products*, 682 F.Supp. at 173, quoting *Transport Indemnity*, 339 F.Supp at 409." While Mr. Rocili did not specify his position on a timeliness objection on removal, the language indicating that the suit may or may not go forward encompassed this and more. This is not a case of litigants merely agreeing on a timeframe, which is common in litigation; this is a situation where the very existence of the claim was in question. Accordingly, the cases cited by Plaintiff in the Motion to Remand are distinguishable and inapposite.

### D. In this Case, Plaintiff Admits to Filing the Complaint Prior to Conducting a Reasonable Inquiry as to whether or not that Complaint was Well Grounded in Fact.

Defendant ETI acknowledges that it was served with the Dillingham Complaint on August 5, 2005. However, that Complaint was served with a letter clearly indicating that Plaintiff "may or may not proceed with this matter." In that letter, Plaintiff concedes that the Complaint was filed prior to "receipt of the preliminary findings of our consulting expert."

While filing the Complaint to beat the statute of limitations is understandable, in doing so, Plaintiff, by his own admission, did so before conducting a "reasonable inquiry" as to whether or not the Complaint was "well grounded in fact." *See* CR 11. It was not until December 5, 2005, that Plaintiff "concluded that a cause of action lies against Environmental Technologies, Inc. as a result of Mr. Rocili's injury on August 3, 2005." Defendant ETI was not notified of Plaintiff's intent to proceed until it received

*DEFENDANT'S OPPOSITION TO*
*MOTION TO REMAND TO STATE COURT*    - 6 -

FLOYD & PFLUEGER P.S.
300 TRIANON BUILDING, 2505 THIRD AVENUE
SEATTLE, WA 98121-1445
TEL 206 441-4455
FAX 206 441-8484

Plaintiff's letter on December 9, 2005. The Notice of Intent to remove was filed thirty (30) days after receiving Plaintiff's notice.

**E.   Defendant ETI Reasonably Relied on Plaintiff's Representations in Not Taking any Affirmative Action to Defend the Case (including Filing a Notice of Removal) until ETI was Notified of Plaintiff's Intent to Proceed.**

Upon receipt of Plaintiff's letter of August 1, 2005, Defendant took no affirmative action to defend this claim, because, by Plaintiff's own admission, it was not clear whether or not there existed any factual basis upon which to bring the claim. In essence, filing of the Complaint served as a place holder to allow Plaintiff to file inside the statute of limitations, while providing Plaintiff necessary and additional time to complete their investigation and to determine whether or not to proceed.

Defendant does not question Plaintiff's motives in filing the Complaint prior to completion of its investigation, nor does Defendant question Plaintiff's motives in sending the accompanying letter regarding the status of the investigation and the claim. Nonetheless, by advising Defendant by letter that no decision had been made yet as to whether or not to proceed with the claim, Plaintiff induced Defendant to sit back and wait pending completion of Plaintiff's investigation. The *status quo* in this case changed upon Defendant ETI's receipt of Plaintiff's Notice of Intent to Proceed letter. It was not until then that the statutory clock on removal began to run.

**F.   Allowing Plaintiff to Remand Under the Circumstances in this Case would be Inequitable, and Contrary to Public Policy.**

Plaintiff attempts to undermine Defendants right to removal based on untimeliness of the notice of removal. If this Court grants Plaintiff's Motion to Remand, it would reward Plaintiff for inducing Defendant to not actively defend this case. Such a result would be inequitable and unfair. Further, allowing a Plaintiff to object to removal

*DEFENDANT'S OPPOSITION TO*
*MOTION TO REMAND TO STATE COURT*   - 7 -

FLOYD & PFLUEGER P.S.
300 TRIANON BUILDING, 2505 THIRD AVENUE
SEATTLE, WA 98121-1445
TEL 206 441-4455
FAX 206 441-8484

based on untimeliness under the facts of this case would be contrary to public policy in that it would encourage plaintiffs to send out similar letters in all cases filed in state court where diversity may lie.

Further, if the Court allows Plaintiff to file a case to beat the statute of limitations on bases that may or may not be frivolous pending investigation, but then allows Plaintiff to file subsequent timeliness objections, the economic and judicial waste will be substantial. For instance, it is plausible that in the instant case, ETI would have had to spend thousands of dollars in legal fees to file motions that may or may not have been necessary in order to beat deadlines that may or may not be relevant. This cost will also extend to the judicial system, which will have to process numerous motions that will may ultimately have absolutely no relevance.

## V.   CONCLUSION

In sum, Plaintiff, through its actions and inducements, upon which Defendant reasonably relied, waived its right to object to removal on timeliness grounds, and Plaintiff's Motion to Remand to State Court should be denied, and this Court should exercise jurisdiction over this matter.

DATED this 30th day of January, 2006.

FLOYD & PFLUEGER, P.S.

By    s/ Francis. S. Floyd
Francis S. Floyd, ASBA #7810069
Attorneys for Defendants
2505 Third Avenue, Suite 300
Seattle, WA 98121-1445
(206) 441-4455
ffloyd@floyd-pflueger.com

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND TO STATE COURT   - 8 -

FLOYD & PFLUEGER P.S.
300 TRIANON BUILDING, 2505 THIRD AVENUE
SEATTLE, WA 98121-1445
TEL 206 441-4455
FAX 206 441-8484

**Certificate of Service**

I hereby certify that on January 30, 2006, a copy of foregoing Defendant's Opposition to Motion to Remand to State Court, and accompanying Declaration of Francis S. Floyd, were served via email on:

>   Michael J. Schneider, P.C.
>   880 "N" Street, Suite 202
>   Anchorage, AK  99501
>   mjspc@gci.net

and via first-class mail on:

>   Douglas G. Johnson
>   Law Offices of Douglas Johnson, P.C.
>   821 "N" Street, Suite 208
>   Anchorage, AK  99501

>                               s/Erin M. Campbell
>                               Legal Assistant to Francis S. Floyd

*DEFENDANT'S OPPOSITION TO*
*MOTION TO REMAND TO STATE COURT*     - 9 -

FLOYD & PFLUEGER P.S.
300 TRIANON BUILDING, 2505 THIRD AVENUE
SEATTLE, WA 98121-1445
TEL 206 441-4455
FAX 206 441-8484