IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
ANCHORAGE DIVISION

| | | |
|---|---|---|
| WILLY ROCILI, | ) | |
| Plaintiff, | ) ) ) | NO. 3:06-cv-7 |
| v. | ) ) | **DECLARATION OF FRANCIS S. FLOYD IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION TO REMAND TO STATE COURT** |
| ENVIRONMENTAL TECHNOLOGIES, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

I, Francis S. Floyd, hereby declare as follows:

1. I am an attorney representing Defendant Environmental Technologies, Inc.. in the above-captioned case. I am familiar with the pleadings and proceedings in the above-captioned case.

2. July 27, 2005, Plaintiff commenced the above-titled action against Defendant ETI in the Third Judicial District for the Superior Court for the State of Alaska at Dillingham under Case No. 3DI-05-96 CI.

3. Plaintiff filed a parallel action in the Alaska Superior Court at Anchorage under Cause No. 3AN-05-9931 CI. That Complaint was subsequently dismissed.

4. Attached hereto as **Exhibit A** is a true and correct copy of the Complaint filed in the Third Judicial District for the Superior Court for the State of Alaska at Dillingham under Case No. 3DI-05-96 CI

5. Defendant ETI is a Washington corporation with its principal place of business in Washington.

*DECLARATION OF FRANCIS S. FLOYD* - 1 -

FLOYD & PFLUEGER P.S.
300 TRIANON BUILDING, 2505 THIRD AVENUE
SEATTLE, WA 98121-1445
TEL 206 441-4455
FAX 206 441-8484

6. On August 5, 2005, Defendant's registered agent was served with the Summons and Complaint.

7. Attached hereto as **Exhibit B** is and true and correct copy of the August 1, 2005 letter from Plaintiff's attorney, Michael J. Schneider, titled **WAIVER OF DEADLINE TO ANSWER COMPLAINT.**

8. ETI, and its counsel, relied on the representations in Mr. Schneider's letter, and took no affirmative action in defending this claim (other than filing Notices of Appearance) pending further notification from Mr. Schneider as to whether or not he determined, based on completion of his preliminary investigation, that he had a factual basis upon with to proceed.

9. Attached hereto as **Exhibit C** is a true and correct copy of the December 5, 2005, from Plaintiff's attorney, titled **NOTICE OF OUR INTENT TO PROCEED**.

10. Plaintiff's counsel mailed the "Notice to Proceed" letter to ETI's registered agent only, and did not send a copy to ETI's counsel of record.

11. I first received notice of Plaintiff's intent to proceed by facsimile on December 9, 2005.

I certify under penalty of perjury of the laws of the state of Washington that the foregoing is true and correct.

By   /s/ Francis S. Floyd
      Francis S. Floyd, ASBA #7810069

*DECLARATION OF FRANCIS S. FLOYD* - 2 -

FLOYD & PFLUEGER P.S.
300 TRIANON BUILDING, 2505 THIRD AVENUE
SEATTLE, WA 98121-1445
TEL 206 441-4455
FAX 206 441-8484

**EXHIBIT A**

SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT DILLINGHAM

WILLY ROCILI,

        Plaintiff,

v.

ENVIRONMENTAL TECHNOLOGIES, INC.,

        Defendant.

Filed in the Trial Courts
STATE OF ALASKA, THIRD DISTRICT

JUL 2 7 2005

Clerk of the Trial Courts
By _____ Deputy

CASE NO. 3DI -05- 96 CI

## COMPLAINT

COMES NOW Plaintiff, Willy Rocili, by and through his attorneys of record, the Law Offices of Michael J. Schneider, P.C. and the Law Offices of Douglas G. Johnson, P.C., and hereby complains and alleges against Defendant, Environmental Technologies, Inc. (hereinafter "ETI"), as follows:

1. Willy Rocili was, at the time of the injury described herein, a resident of the state of Alaska, with a mailing address as follows: P.O. Box 16, King Cove, Alaska, 99612. He is currently a resident of Nevada, living at 5183 Woodruff Place, Las Vegas, Nevada, 89120.

2. The incident complained of herein took place in the State of Alaska, Third Judicial District, on the premises of the Peter Pan Seafood Processing Plant in King Cove, Alaska, where Mr. Rocili was employed by Peter Pan Seafoods at the time, date, and place of his injury.

3. At all times herein relevant, ETI was a Washington corporation doing business at 219 Frontage Road North – Suite "A", Pacific, Washington, 98047. ETI's registered agent for service of process is: Robert B. Gould, 2110 N. Pacific Street, Suite 100, Seattle, Washington, 98103.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

4. ETI manufactured, and/or assembled, and/or placed into the stream of commerce the TRANSVAC fish pump that is the subject of this litigation, and/or is the successor in interest to individuals or entities who placed same in the stream of commerce and is thus liable for the acts and omissions complained of hereinafter.

5. On or about August 4, 2003, Mr. Rocili, while performing his duties for his employer, Peter Pan Seafoods, on the premises of Peter Pan's processing plant in King Cove, Alaska, received serious and permanent bodily injuries when pressure was unexpectedly released from a TRANSVAC Model 4715 Fish Pump bearing serial number V1957.

## COUNT I
### (Strict Product Liability)

6. The TRANSVAC Fish Pump was defective and the defect was a legal cause of Mr. Rocili's injuries on the date and place set forth in paragraph five (5).

7. The product was defective, without limitations, in some or all of the following ways:

   a. It differed from ETI/TRANSVAC's intended result and/or it differed from other units of the same product manufactured, assembled, and/or put into commerce by ETI/TRANSVAC; and

   b. It failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, as the subject fish pump was used by Mr. Rocili when he was injured; and

   c. The product was not designed in accordance with accepted and mandatory design standards and lacked gauges and pressure relief valves located in a place and manner that would have allowed Plaintiff to protect himself from the injury that he suffered.

   d. The subject fish pump was used in a reasonably foreseeable manner by Mr.

Rocili but that use involved a substantial danger that would not be readily recognized by the ordinary user of the fish pump, and ETI/TRANSVAC failed to give adequate warnings of this danger. The warning would be required to clearly indicate the scope of the risk or danger posed by the product, reasonably communicate the extent and seriousness of the harm that could result from the risk or danger, and convey it in a manner that would alert a reasonably prudent person.

## COUNT II
### (Negligence)

8. All prior paragraphs are realleged as if set forth in full.

9. ETI/TRANSVAC was negligent, and its negligence was a legal cause of Mr. Rocili's injury and damages prayed for herein.

10. ETI/TRANSVAC's negligence included, without limitation, the following:

   a. Negligent design of the fish pump in question;

   b. Negligent selection, supervision, and/or retention of component part manufacturers.

   c. Negligent assembly, inspection, and/or testing.

   d. Negligent selection, supervision, and/or retention of those responsible for assembly, inspection, and/or testing.

   e. Negligent assessment of anticipated operating pressures in the subject unit in its specific application.

   f. Negligent failure to position gauges where foreseeable operators/users could use information provided by the gauges to protect themselves from an unexpected release of pressure.

   g. Negligent failure to equip the device with a pressure release valve on or adjacent to the hatch that dislodged and injured Mr. Rocili.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-9201

*Rocili v. Environmental Technologies, Inc.*
Complaint

3

    h.    Negligent failure to anticipate risks associated with foreseeable uses of this device in its specific application.

11. ETI/TRANSVAC's acts and omissions complained of above were done intentionally, or in reckless disregard of the rights of Plaintiff.

### DAMAGE ALLEGATIONS COMMON TO BOTH COUNTS

12. All prior paragraphs are realleged as if set forth in full.
13. Mr. Rocili suffered past and future losses as follows:
    a. Pain, suffering, and emotional distress.
    b. Loss of enjoyment of life.
    c. Disfigurement.
    d. Medical expenses.
    e. Earnings and earning capacity.

    These losses will be proved with specificity at trial but are greater than $100,000.00.

14. In the event that the finder of fact determines that ETI/TRANSVAC acted intentionally, or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages in an amount to be proved at trial.

### GENERAL ALLEGATIONS COMMON TO BOTH COUNTS

15. All prior paragraphs are realleged as if set forth in full.
16. Plaintiff suffered "severe permanent physical impairment or severe disfigurement" within the provisions of AS 09.17.010(c) as a legal consequence of Defendant's complained of conduct.
17. No individual or entity not now identified in the caption hereof should be allocated a percentage of fault under AS 09.17.080, or otherwise.
18. Plaintiff is fault free in causing the event in question or any of the damages

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 102
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-3201

*Rocili v. Environmental Technologies, Inc.*
Complaint

4

complained of herein.

19. Plaintiff has, to the extent required by law, mitigated his damages.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For general damages according to proof at trial, but in excess of $100,000.00.

b. For special damages according to proof at trial, but in excess of $100,000.00.

c. For punitive damages according to proof at trial in the event that the finder of fact concludes that ETI/TRANSVAC's acts and omissions were intentional or in reckless disregard of the rights of Plaintiff.

d. For costs of suit and attorneys fees.

e. For such other and further relief as the Court deems appropriate under the circumstances.

DATED this 22 day of July, 2005.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.

*/s/ Michael J. Schneider*
Michael J. Schneider
Attorney for Plaintiff
Alaska Bar No.: 7510088

DATED this 22 day of July, 2005.

LAW OFFICES
DOUGLAS G. JOHNSON, P.C.

*/s/ (for) Douglas G. Johnson*
Douglas G. Johnson
Attorney for Plaintiff
Alaska Bar No.: 9511061

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

Rocili v. Environmental Technologies, Inc.
Complaint

5

**EXHIBIT B**

LAW OFFICES

## Michael J. Schneider, P.C.

TELEPHONE (907) 277-9306

880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501

FAX (907) 274-8201

August 1, 2005

Environmental Technologies, Inc.
Robert B. Gould, Registered Agent
2110 N. Pacific Street, Suite 100
Seattle, WA  98103

      RE:    **Willy Rocili v. ETI**
             **Case Nos.**     **3AN-05-9931 CI and 3DI-05-96 CI**
             **Date of Loss:**   **August 3, 2003**
             **WAIVER OF DEADLINE TO ANSWER COMPLAINT**

Dear Mr. Gould:

I have only recently become involved in this matter and have not yet completed my investigation into the case. Mr. Douglas Johnson and I represent Mr. Rocili. It was necessary for us to file this lawsuit because the statute of limitations would have run on the second anniversary of Mr. Rocili's injury, or August 3, 2005.

We may or may not proceed with this matter pending current investigative efforts and receipt of the preliminary findings of our consulting expert. We, therefore, by my signature below, and copied to Mr. Johnson, **WAIVE RECEIPT OF AN ANSWER WITHIN THE TWENTY (20) DAY PERIOD DEMANDED BY THE SUMMONS.**

You will note that you are being served with two separate Complaints, one filed in Anchorage and one filed in Dillingham. We take this unusual step out of an abundance of caution. We believe the case should be venued in Dillingham, as it is closer to King Cove than Anchorage. Court procedures seem to demand we file the action in Anchorage. We thus filed it in both places to preserve our options.

You have an extension of time in <u>both</u> matters until **NOVEMBER 1, 2005** to answer the Complaint. While ETI is free to immediately retain counsel, there is no urgency on our part to move the matter forward until our investigation is completed. In the meantime, it would be helpful if you would provide us contact information for ETI's insurance company. It would also be most helpful if you would copy ETI's insurance company with the Complaints and with this correspondence.

Mr. Robert B. Gould
August 1, 2005
Page 2 of 2


If you have any questions, please do not hesitate to contact me.

Yours very truly,

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.

*Michael J. Schneider* (signature)

Michael J. Schneider

MJS/clm

cc:   Douglas Johnson

**EXHIBIT C**

LAW OFFICES
**Michael J. Schneider, P.C.**

TELEPHONE (907) 277-9306         880 "N" STREET, SUITE 202         FAX (907) 274-8201
ANCHORAGE, ALASKA 99501

December 5, 2005

Environmental Technologies, Inc.
Robert B. Gould, Registered Agent
2110 N. Pacific Street, Suite 100
Seattle, WA  98103

> RE:  *Willy Rocili v. ETI*
> Case No.        3DI-05-96 CI
> Date of Loss:   August 3, 2003
> **NOTICE OF OUR INTENT TO PROCEED**

Dear Mr. Gould:

We have completed our initial investigation in the matter referred to above. We have concluded that a cause of action lies against Environmental Technologies, Inc. as a result of Mr. Rocili's injury on August 3, 2003.

Please tender the Dillingham Complaint to ETI's insurance company. We would like a copy of the insurance policy and dec sheet at the first opportunity.

We also look forward to speaking to ETI's counsel. We will freely grant any reasonable request for extension of time necessary to answer the Complaint.

Please do not hesitate to contact me if you have any questions.

Yours very truly,

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.

Michael J. Schneider

MJS/clm

cc:  Douglas Johnson