IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| WILLY ROCILI,<br><br>        Plaintiff,<br><br>v.<br><br>ENVIRONMENTAL TECHNOLOGIES, INC.,<br><br>        Defendant. | **CASE NO.   3:06-cv-7** |

### PLAINTIFF WILLY ROCILI'S REPLY TO DEFENDANT'S OPPOSITION TO HIS MOTION TO REMAND TO STATE COURT

For its Opposition to Remand, Defendant relies on three documents, a letter from counsel for Plaintiff dated August 1, 2005; a letter from counsel for Plaintiff dated December 5, 2005, and the Declaration of Francis S. Floyd, Esq., counsel for Defendant. These documents establish the following:

- Defendant was properly served with the Summons and Complaints on August 5, 2005;

- Defendant and Defendant's counsel received the letters from Plaintiff's counsel; and,

- based on the above documents, Defendant took no action, other than the entry of appearance in the state court case by Defendant's attorneys.

Defendant's position that the above evidence excuses a delay of 157 days for it to file its Notice of Removal to Federal Court is without merit.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

removing party, and all doubts as to propriety of removal are resolved in favor of remand. Harris Corp. V. Kollsman, Inc., 97 F. Supp 2d 1148, 1151 (D. Florida 2000), citing, University of South Ala., 168 F.3d at 411, and Nicola Products Corp. V. Showart Kitchens, Inc., 682 F. Supp 171, 172 (E.D.N.Y. 1988).

### THIRTY DAY TIME LIMIT MAY NOT BE EXPANDED

One of the cases cited by Defendant addressed a similar situation. In Transport Indem. Co. v. Financial Trust Co., 339 F. Supp. 405 (D. Cal. 1972), the federal district court in California ruled that remand was appropriate. In addressing this issue, the court stated the rule:

> It is my view based upon the above quotation and the cases which Professor Moore cites, that the thirty-day period may not be enlarged by act of the Federal Court, by act of the State Court or by mere consent of the Plaintiff to extend the time for removal.

Id, at 407, citing, Green v. Zuck, 133 F. Supp. 436 (S.D.N.Y. 1965); Dutton v. Moody, 104 F. Supp. 838 (S.D.N.Y. 1952); Robinson v. La Chance, 209 F. Supp. 845 (D.C.N.C. 1962).

### WAIVER AND ESTOPPEL

However, the court noted that "certain conduct on the part of the Plaintiff, which conduct is sometimes referred to as 'waiver' and sometimes referred to as 'estoppel', does preclude the Plaintiff from objecting to a late removal petition." Id., citing Mackay v. Uinta Development Co., 229 U.S. 173, 33 S. Ct. 638, 57 L. Ed. 1138 (1913); American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S. Ct. 534, 95 L. Ed. 702 (1951); Green v. Zuck, supra. This conduct of the Plaintiff is almost always post-removal conduct, however, the court noted that it could also conceivably be pre-removal conduct. Id., at 408.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

>where the party seeking remand has been unsuccessful in litigation of a substantial issue, such as the right to a jury trial (citations) or the right to take depositions (citations) or has filed an amended complaint seeking further or different relief from the federal court.

Id., citing, Maybruck v. Haim, 290 F. Supp. 721 at 723, 724 (S.D.N.Y. 1968).

The court found that no such conduct had taken place where the plaintiffs had filed their motion to remand principally within a week after the removal petition was filed, sought no relief from the Federal Court, and had not litigated any issue except their petition to remand.

Id., at 408.

The same is true of this case, Plaintiff filed his Motion to Remand nine days after the removal petition was filed, sought no relief from the Federal Court, and has not litigated any issue except his petition to remand.

The court also addressed the issue of estoppel, and with facts similar to those in the present case, found that even in the face of a formal stipulation, estoppel could not be found.

>Defendants, in pressing a claim that Plaintiffs are estopped to object to their removal of the case, rely on a pre-removal stipulation between counsel. The stipulation was negotiated by telephone and is evidenced by two letters, one from Plaintiffs' counsel to Defendants' counsel dated November 3, 1971, and the other from Defendants' counsel to Plaintiffs' counsel dated November 15, 1971. The stipulation as embodied in these documents is the usual form of stipulation used in the State Courts whereby one counsel grants to his opponent an extension of time in which to "move, answer or otherwise respond." Such an extension was originally granted on November 3, 1971, to expire January 7, 1972. It was extended by the letter of November 15, [**7] 1971, to expire January 15, 1972. Neither letter makes any reference to a possible removal of the case to the Federal Court. Neither counsel claims to have mentioned a possible removal to the Federal Court in the telephone conversations which preceded

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

Id.

> The court found that:
>
>> ... there was no such agreement by Plaintiffs' counsel and that neither the original stipulation nor the extension thereof could reasonably be interpreted as containing such an agreement. ... a stipulation merely to extend the time to move, answer or otherwise respond does not have the effect of authorizing or consenting to jurisdiction of the Federal Court under a later removal which was untimely filed.

Id.

> The court clarified when estoppel might be found:
>
>> One can imagine a case in which defense counsel, just prior to the end of the statutory thirty-day period, had made the determination to remove the case and, finding himself pressed for time, communicates that fact to Plaintiffs' counsel and obtains from Plaintiffs' counsel a specific agreement that the latter would not object to the removal petition on timeliness grounds if defense counsel was a few days late in filing it. That might well constitute a true estoppel because defense counsel has reasonably relied to his detriment on the representations of his opponent. But that is not the instant case. There was no such reliance. Any unilateral reliance by defense counsel was unreasonable.

Id., at 408, 409.

## **REMAND IS APPROPRIATE IN THIS CASE**

In the present case, there was never a mention by Plaintiff of extending any time limit for removal to Federal Court. It was never addressed. Under the rule, even a specific stipulation to extend the time period for removal would not be valid. Plaintiff has done nothing whatsoever to seek the benefits of the Federal Court, and there is no basis for a finding of a consent to the Court's jurisdiction or waiver of the right to remand to state court.

Defendant claims that counsel's letter of August 1, 2005, provides a basis for estoppel.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

> You have an extension of time in both[1] matters **until November 1, 2005**, to answer the Complaint. While ETI is free to immediately retain counsel, there is no urgency on our part to move the matter forward until our investigation is complete. ...

See, Exhibit B to the Declaration, in support of Defendant's Opposition.

Under the case law cited by both Plaintiff and Defendant, the letter of counsel dated August 1, 2005, does not provide any basis whatsoever to refuse to remand the case to state court.

Defendant also seems to ask the Court to overlook Defendant's failure to remove timely because Plaintiff was still investigating his case when his Complaint was filed. Such an argument is novel, yet without basis. First of all, Plaintiff filed his Complaint in good faith, with sufficient information to justify filing suit. (It should be noted that nowhere does Defendant claim that a reasonable basis does not exist.) That the investigation was continuing is both true and appropriate. If investigation had revealed a doubtful likelihood of success, notwithstanding Plaintiff's severe injuries and permanent disability, Plaintiff may have decided not to proceed. This is true in any case. Here, the investigation demonstrates an abundance of reasons for pursuing the claim, and the litigation will proceed accordingly.

Whether an investigation is on-going and only a preliminary decision to prosecute a claim has been reached, has no bearing whatsoever on the applicability of 28 U.S.C. section 1446. The thirty day time period for removal in clearly set forth. There is no requirement for an Answer and, in fact, a Notice of Removal is often served prior to an Answer. The only extension, which was given by the letter from Plaintiff's counsel, was a waiver of the requirement for **RECEIPT OF AN ANSWER WITHIN THE TWENTY (20) DAY PERIOD DEMANDED BY THE SUMMONS.** See Defendant's Exhibit B, (emphasis in original). There

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

this matter.  Counsel for Defendant entered an appearance in the state court case 25 days after the Complaints were served on the Defendant.  Defendant then waited until 157 days after the Complaint was served to attempt to remove the case to Federal Court.

## CONCLUSION

Defendant filed to remove this case to Federal Court 157 days after the Complaint in state court had been filed and served, in violation of 28 U.S.C. §1446.  Plaintiff filed for remand within the appropriate time period.  Plaintiff has not done anything which would support a finding of waiver, or consent, or estoppel.  The burden of persuasion rests on the Defendant.  All doubts are to be resolved in favor of remand.  All presumptions are in favor of remand, and Plaintiff's Motion to Remand to State Court should be granted.

DATED this 10th day of February, 2006.

s/Michael J. Schneider
Law Offices of Michael J. Schneider, P.C.
880 "N" Street, Suite 202
Anchorage, AK 99501
Phone: (907) 277-9306
Fax: (907) 274-8201
E-mail: mjspc@gci.net
Alaska Bar No. 7510088

**Certificate of Service**
I hereby certify that on January 18, 2006,
a copy of foregoing *PLAINTIFF WILLY ROCILI'S*
*MOTION TO REMAND TO STATE COURT* was served
electronically on Francis S. Floyd, Floyd & Pfleuger,
and on Douglas G. Johnson, Law Offices of Douglas Johnson, P.C.,
821 N Street, Suite 208, Anchorage, AK,  99501 by U.S. mail.

s/Michael J. Schneider

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201