UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| WILLY ROCILI, )<br> )<br> Plaintiff, )<br> )<br> vs. )<br> )<br>ENVIRONMENTAL TECHNOLOGIES, )<br>INC., )<br> )<br> Defendant. )<br> ) | 3:06-cv-00007 (JWS)<br><br>ORDER FROM CHAMBERS<br><br>[Re:   Motion at Docket 5] |

**I.  MOTION PRESENTED**

At docket 5, plaintiff Willy Rocili moves to remand this matter to state court.  At docket 8, defendant Environmental Technologies, Inc. ("ETI") opposes the motion.  Plaintiff's reply is filed at docket 9.  Oral argument was not requested and would not assist the court.

**II.  BACKGROUND**

In August 2003, Willy Rocili was injured while working at the Peter Pan Seafood Processing Plant in King Cove, Alaska.  At the time of his injury, Rocili was working on a fish pump manufactured by ETI.  On July 27, 2005,  Rocili filed a complaint against ETI in Superior Court for the State of Alaska, Third Judicial District at Dillingham, alleging claims for strict product liability and negligence.[1]  In his complaint, Rocili requests general damages in excess of $100,000 and special damages in excess of $100,000.

---

[1] Doc. 1, exh. A.

The complaint states that Rocili was a resident of Nevada at the time of filing the complaint, and that ETI is a Washington corporation.

In a letter to defendant's registered agent dated August 1, 2005, plaintiff's counsel waived receipt of an answer within the twenty-day period set forth in the summons and gave defendant until November 1, 2005, to answer the complaint. Plaintiff's counsel further stated that he had not completed his investigation into the case and "may or may not proceed with this matter pending current investigative efforts."[2]  By letter dated December 5, 2005, plaintiff's counsel informed defendant that the investigation was complete and "that a cause of action lies against Environmental Technologies, Inc. as a result of Mr. Rocili's injury on August 3, 2005."[3]  On January 11, 2006, defendant filed a notice of removal of this action to federal court, alleging diversity as the basis of this court's jurisdiction under 28 U.S.C. § 1332(a)(1).[4]  Plaintiff filed the underlying motion to remand on January 18, 2006.[5]

### III.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within thirty days after defendant's receipt of a copy of the initial pleading setting forth the claim for relief upon which the action is based.  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."[6]

### IV.  DISCUSSION

It is undisputed that defendant received plaintiff's summons and complaint on August 5, 2005, and that defendant did not file its notice of removal until January 9,

---

[2] Doc. 1, exh. B.

[3] Doc. 1, exh. C.

[4] Doc. 1.

[5] Doc. 5.

[6] 28 U.S.C. § 1447(c)

2006.[7]  Plaintiff argues that this matter should be remanded to state court on the grounds that defendant filed its notice of removal far beyond the thirty-day deadline set forth in 28 U.S.C. § 1446(b).  Plaintiff further argues that the "thirty (30) day removal deadline is mandatory and may not be waived by the parties or the court."[8]

Citing *Harris Corporation v. Kollsman, Inc.*,[9] defendant argues that "[a]lthough litigants cannot stipulate to ignore section 1446(b), certain conduct on the part of plaintiffs has been held to preclude them from objecting to removal on timeliness grounds."[10]  Defendant alleges that here plaintiff waived his right to object to removal on timeliness grounds by his "actions and inducements, upon which Defendant reasonably relied."[11]  In particular, defendant states that it relied on plaintiff's counsel's representation that he "may or may not proceed with this matter pending current investigative efforts"[12] and that the above representation induced defendant "to sit back and wait pending completion of Plaintiff's investigation."[13]  Defendant does not cite, nor is the court aware of, any controlling authority for the proposition that a plaintiff waives the right to object to removal on timeliness grounds when the plaintiff extends defendant's time to file an answer to the complaint because plaintiff is still investigating his claims.

In *Harris*, the court held that to "silence plaintiff's timeliness objection, defendant must show that it reasonably relied to its detriment on plaintiff's representations that it

---

[7]Opposition at 2-3, doc. 8.

[8]Motion at 1, doc. 5.

[9]97 F.Supp.2d 1148, 1151 (M.D. Fla. 2000).

[10]Opposition at 5, doc. 8.

[11]*Id.* at 8.

[12]Opposition at 3, doc. 8.

[13]*Id.* at 7.

would not object to removal on timeliness grounds."[14]  Here, the letter from plaintiff's counsel makes no reference to a possible removal to federal court, nor does plaintiff make any representation that he would not object to removal on timeliness grounds. Rather, plaintiff's counsel merely extended the time for defendant to file its answer until November 1, 2005.  A stipulation of the parties or an order of the state court "extending the time to answer, move or otherwise plead does not extend the time for removal."[15]

Because defendant filed its notice of removal long after expiration of the thirty-day period set forth in 28 U.S.C. § 1446(b) and plaintiff timely moved to remand on the basis of this procedural defect pursuant to 28 U.S.C. § 1447(c), the court finds that remand of this matter to state court is appropriate.

## V.  CONCLUSION

For the reasons set out above, plaintiff's motion to remand at docket 5 is **GRANTED**, and this matter is **REMANDED** to state court.

DATED at Anchorage, Alaska, this 3rd day of March 2006.

                                                           /s/
                                        JOHN W. SEDWICK
                           UNITED STATES DISTRICT JUDGE

---

[14] *Harris*, 97 F.Supp.2d at 1152 (citing *Transport Indem. Co. V. Financial Trust Co.*, 339 F.Supp. 405, 409 (D.C. Cal. 1972)).

[15] *Transport*, 339 F.Supp. at 407 (citation and quotation omitted)